

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401     FAX: (541) 431-4047
Howard J. Newman, Law Clerk

January 22, 2009

Ms Lorraine Elizabeth Sarich
21629 Swedetown Road
Clatskanie, OR 97016

Mr. David B. Mills
Hammons & Mills
115 West 8th Avenue, #280
Eugene, OR 97401

RE:    Grassmueck v. Sarich; Adversary Proceeding No. 07-6032-aer
        Defendant's Correspondence Requesting New Hearing/Reconsideration
        Defendant's Renewed Motions for Discovery and to Strike

Dear Parties:

     As you are aware, on January 13, 2009, I conducted a phone hearing on Defendant's motions for discovery (Docket #61) and to strike (Docket #71). Plaintiff, through Mr. Mills, appeared at that hearing. Defendant did not. At the hearing I announced my findings of fact and conclusions of law and denied the motions, as reflected by minute order entered January 16, 2009.

     I have now received correspondence (Docket #81) from Defendant requesting a new hearing and/or reconsideration of the minute order. Defendant has also essentially renewed her prior motions. (Docket ## 82 & 83).

     I will deny the request to reconsider the portion of the minute order denying the motion for discovery, and will consequently also deny the renewed motion to compel discovery. Even assuming for argument's sake that Defendant has proffered a good reason for her nonappearance at the January 13, 2009, hearing (as outlined in her letter), a review of her original and renewed motions indicate no valid grounds for their grant. As I stated at the January 13th hearing, Defendant's request for "any and all discovery" is overbroad, and any request for § 341(a) meeting or other transcripts are available to her as a matter of public record. Defendant's renewed motion also argues that no deadline "specifically for discovery" was set. That is untrue.

Close of discovery was set for November 30, 2007.[1]  Defendant's motion states no "good cause" under FRCP 16(b)(4) (made applicable by FRBP 7016) to reopen discovery.

On the other hand, upon reconsideration, I will vacate the minute order and grant Defendant's motion to strike, insofar as it seeks redaction of material regarding the medical report in question.  Specifically, I will order redaction of lines 3 (beginning with the word "However") through 10 of page 3 of Plaintiff's Memorandum Re: Entry of Judgment. (Docket #56).  Page 3 of Docket #56 was also included as "Exhibit #1" to three of Defendant's submissions, Docket ## 71,73 and 82.  I will order public access to Exhibit #1 of those documents blocked.  My ruling should not be construed as a determination on the merits as to whether Plaintiff violated any federal laws or regulations regarding patient privacy, as Defendant alleges.  It is rather based on balancing the potential harm of the information's disclosure versus the value of its retention in a memorandum which is basically moot at this point.[2]  Further, the subject quotation was unsupported by the source document, in that the actual report was not attached as an exhibit to the memorandum.  See, LBR 7007-1(b)(1) requiring that factual allegations in briefs be supported.  Because I am not deciding the merits of whether patient privacy has been violated, my ruling is without prejudice to Plaintiff introducing the subject report at trial, and without prejudice to Defendant objecting thereto.  No other portion of Plaintiff's Memorandum (Docket #56) will be ordered stricken or redacted.

The above constitute my findings of fact and conclusions of law under FRBP 7052.  An order consistent therewith will be entered.

Very truly yours,

*albert E. radcliffe*

Albert E. Radcliffe
Bankruptcy Judge

AER:vhd

---

[1] This deadline was established in the scheduling order entered August 1, 2007 (Docket #15) and order extending deadlines entered on November 28, 2007. (Docket #21).

[2] Plaintiff's Memorandum argued in favor of entry of judgment against Defendant based on Defendant's withdrawal of her answer.  I subsequently allowed Defendant to withdraw that withdrawal and proceed to trial, which has now been set.